FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 0 7 2003

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVIS FRANK a/k/a
JOEY CANDELARIA,

    Plaintiff,

v.                         No. CIV-03-0028 BB/RLP

RON LYTLE,
PATRICIA R. KELLY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2), Fed.R.Civ.P. 12(b)(6), and 42 U.S.C. § 1997e(a). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). Furthermore, according to the provisions of § 1997e(a), "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In reviewing Plaintiff's pro se complaint, the Court applies the same



legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff has been forced to take psychiatric medications against his will, under threat of lockdown. Defendants also have refused to allow Plaintiff to be identified through NCIC via vocal and retina scan so he can prove he is a federal prisoner. Plaintiff states that he has not exhausted administrative remedies. For relief, he asks to be electronically identified, to be awarded damages, and for an apology.

Plaintiff may not pursue his claims until he has exhausted administrative remedies. All of Plaintiff's claims must be exhausted administratively before litigation in this Court may be commenced. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Plaintiff asserts that he did not have a choice about bringing his complaint without exhausting his claims. "The Supreme Court has declined to read 'futility or other exceptions' into the PLRA's exhaustion requirement. 'Congress ha[s] eliminated both discretion to dispense with administrative exhaustion and the condition that it be "plain, speedy, and effective." Moreover, Plaintiff "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them . . . ."' " *Hamby v. Jordan*, No. 02-6253, 2003 WL 294425, at **1 (10th Cir. Feb. 7, 2003) (quoting *Booth v. Churner*, 532 U.S. 731, 739, 741 & n.6 (2001); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice for failure to exhaust administrative remedies, and this action is DISMISSED.

UNITED STATES DISTRICT JUDGE